# STATE OF MICHIGAN

# COURT OF APPEALS

LORILLARD TOBACCO COMPANY,

Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

Defendant-Appellee.

UNPUBLISHED
November 3, 2015

No. 313256
Court of Claims
LC No. 11-00093-MT

ON REMAND

Before: HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

In this tax appeal, plaintiff appeals as of right from an order of the Court of Claims granting summary disposition to defendant. In the parties' initial appeal, we reversed and remanded pursuant to *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642; 852 NW2d 865 (2014).[1] The Supreme Court thereafter remanded this case for reconsideration in light of the Michigan Legislature's enactment of 2014 PA 282. *Lorillard Tobacco Co v Dep't of Treasury*, 498 Mich 864; 866 NW2d 432 (2015). We held the case in abeyance pending this Court's decision in *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, ___ Mich App ___; ___ NW2d ___ (2015).[2] In *Gillette*, this Court upheld the constitutionality of 2014 PA 282. Based on this Court's decision in *Gillette*, we affirm.

In our September 16, 2014 opinion, we summarized the underlying facts as follows:

Plaintiff, a multistate business entity organized in Delaware, paid $3,381,000 in business income tax to the State of Michigan for the period in dispute (ending in December of 2008). In its Michigan Business Tax return filed in 2009, plaintiff elected to use the three-factor (sales, property, and payroll)

---

[1] *Lorillard Tobacco Co v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued September 16, 2014 (Docket No. 313256), vacated and remanded 866 NW2d 432 (2015).

[2] *Lorillard Tobacco Co v Dep't of Treasury*, unpublished order of the Court of Appeals, entered September 15, 2015 (Docket No. 313256).

-1-

apportionment formula provided for by the Multistate Tax Compact Act, MCL 205.581 (the Compact) to calculate its business income tax. In its return, plaintiff sought a refund of $1,249,821 for overpaid taxes. Defendant denied that plaintiff could make that election under the Compact, contending that the adoption of the Michigan Business Tax Act, MCL 208.1101 *et seq.* (BTA), required multistate companies such as plaintiff to allocate its taxes using the sales-factor apportionment formula provided for in the BTA. Defendant issued a final tax bill assessing the following additional amounts for plaintiff's failure to allocate: (1) $64,204 in additional taxes due; (2) $16,051 in penalties; and (3) $5,790.76 in interest. Plaintiff disagreed and sued for a refund of all overpaid taxes, penalties, and interest. Relying upon the mandatory language in the BTA, the Court of Claims held that plaintiff was no longer allowed to elect to use the apportionment formula provided for by the Compact. [*Lorillard Tobacco Co*, unpub op at 1.]

We reversed the trial court decision based on *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, which held that the Legislature did not implicitly repeal the Compact's election provision when it enacted the BTA, and that the plaintiff in *IBM* could elect to use the three-factor apportionment formula under the Compact. *Lorillard Tobacco Co*, unpub op at 3, citing *Int'l Business Machines Corp*, 496 Mich at ___.

On September 11, 2014, 2014 PA 282 was enacted into law to amend the BTA and to expressly repeal the Compact. 2014 PA 282 provided that it applied retroactively to January 1, 2008, stating:

Enacting section 1. 1969 PA 343, MCL 205.581 to 205.589 [i.e., the Compact], is repealed retroactively and effective beginning January 1, 2008. It is the intent of the legislature that the repeal of 1969 PA 343, MCL 205.581 to 205.589, is to express the original intent of the legislature regarding the application of section 301 of the Michigan business tax act, 2007 PA 36, MCL 208.1301, and the intended effect of that section to eliminate the election provision included within section 1 of 1969 PA 343, MCL 205.581, and that the 2011 amendatory act that amended section 1 of 1969 PA 343, MCL 205.581, was to further express the original intent of the legislature regarding the application of section 301 of the Michigan business tax act, 2007 PA 36, MCL 208.1301, and to clarify that the election provision included within section 1 of 1969 PA 343, MCL 205.581, is not available under the income tax act of 1967, 1967 PA 281, MCL 206.1 to 206.713.

Defendant thereafter appealed to the Supreme Court, arguing that 2014 PA 282 should be applied and that this Court's opinion be reversed. In response, plaintiff asserted that the application of 2014 PA 282 would violate constitutional separation of powers and due process principles. The Supreme Court thereafter remanded the case to this Court for reconsideration in light of 2014 PA 282. *Lorillard Tobacco Co*, 498 Mich 864.

Identical issues concerning the constitutionality and applicability of 2014 PA 282 have been raised in multiple cases before this Court, including the 50 consolidated appeals in *Gillette*. In *Gillette*, this Court affirmed the orders granting summary disposition to the defendant Michigan Department of Treasury. *Gillette*, ___ Mich App at ___ (slip op at 1). The *Gillette*

Court considered multiple state and federal constitutional challenges to 2014 PA 252, and rejected each, ultimately upholding the constitutionality of the statute. We are bound by the *Gillette* decision,[3] and, accordingly, conclude that 2014 PA 282 applies to this case and affirm the trial court order granting defendant summary disposition.

      Affirmed.

/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[3] A published opinion of this Court has precedential effect under the rule of stare decisis. MCR 7.215(C)(2).